**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**WILLIAM MCLENDON, # 109859**                                                    **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:13CV42-KS-MTP**

**MARION COUNTY CIRCUIT COURT
JUDGE; MARION COUNTY DISTRICT
ATTORNEY; MARION COUNTY
SHERIFF'S DEPARTMENT; MARION
COUNTY, MISSISSIPPI; MISSISSIPPI
DEPARTMENT OF CORRECTIONS;
CHRISTOPHER EPPS; and DISCIPLINARY
HEARING OFFICER K. COOPER**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff William Mclendon's pleadings.  He is
incarcerated with the Mississippi Department of Corrections and challenges a Rule Violation
Report ("RVR"), which resulted in the revocation of his house arrest.  He seeks damages and
immediate release.  The Court has considered and liberally construed the pleadings.  As set forth
below, this case is dismissed.

## BACKGROUND

Mclendon alleges that he was serving an eight year sentence, with six suspended, on
house arrest, for possession of marijuana.  On September 20, 2012, he was arrested and charged
in Marion County with possession of a controlled substance, a bottle of prescription medication.
He was subsequently issued an RVR based on the arrest.  Defendant Disciplinary Hearing
Officer K. Cooper found Mclendon guilty of the RVR and revoked his house arrest.  As a result,
he is currently serving the remainder of the entire eight years in prison.  He alleges he was
innocent, because the pills were not his.  Rather, he maintains they were his nephew's, who

accidently left them at Mclendon's house.  In the alternative, he claims he was sentenced to serve too much time in prison for the revocation.

Mclendon also alleges that Defendant Marion County subsequently placed a detainer on him, charging sale of a controlled substance within 1500 feet of a church.  This detainer arose from the same incident as the RVR.  Because of his alleged innocence, the detainer and criminal charge were dismissed.  All that remains is his revocation.

On March 6, 2013, Mclendon filed this action for damages and "release of the plaintiff." (Compl. at 4).  He challenges the RVR under 42 U.S.C. § 1983 and, construed liberally, under 28 U.S.C. § 2254.

## DISCUSSION

### SECTION 1983

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the

proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Mclendon to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under Section 1915.

Mclendon attacks the revocation of his house arrest on two bases.  He argues he is innocent and the revocation has resulted in him serving even the suspended portion of his sentence in prison.

A Section 1983 claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Where success on the Section 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed.  *Wilkinson*, 544 U.S. at 82.

Mclendon challenges both the RVR conviction and length of his sentence.  He says he is innocent and the revocation exceeds his original sentence.  Success on his claims will necessarily invalidate the RVR conviction and sentence.  Therefore, the claims may only proceed if he proves the RVR conviction or sentence has already been invalidated.  He admits that they still stand, as he simultaneously requests habeas relief.  Therefore, it is clear that the RVR conviction and sentence have not yet been reversed or otherwise invalidated.

Because the RVR conviction and sentence have not yet been invalidated, Mclendon is

precluded by *Heck* from challenging them in this Section 1983 civil action at this time.  The claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has the RVR and sentence invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  This dismissal counts as a strike under 28 U.S.C. § 1915(g).  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

HABEAS

Construing Mclendon's *pro se* Complaint liberally, the Court finds Mclendon is also making a habeas claim under Section 2254.  This is because he also asks for immediate release.

Before Mclendon can pursue a habeas claim in this Court, Mclendon must exhaust his available state remedies.  28 U.S.C. § 2254(b)(1)(A).  This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  In order to exhaust his claims, he is required to seek relief from the highest court of the State.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).

Mclendon admits that he has not brought a claim challenging the RVR in any state court in Mississippi.  Therefore, the habeas claims are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claims should be and are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the house arrest revocation is invalidated.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  The habeas claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

4

**SO ORDERED**, this the 23rd day of August, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE